# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 11-887V
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                        *
PAUL W. POLING,                         *
                                        *          Filed: July 23, 2014
                Petitioner,             *
                                        *
        v.                              *
                                        *
                                        *          Decision by Stipulation; Attorneys'
SECRETARY OF HEALTH                     *          Fees and Costs
AND HUMAN SERVICES,                     *
                                        *
                Respondent.             *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Janet D. Callahan,* Hancock & Estabrook, Syracuse, NY for Petitioner.

*Glenn A. MacLeod*, U.S. Dep't of Justice, Washington, DC, for Respondent.


### ATTORNEYS' FEES AND COSTS DECISION[1]

On December 19, 2011, Paul W. Poling filed a petition seeking compensation under the National Vaccine Injury Compensation Program. On October 31, 2013, the parties filed a stipulation detailing an amount to be awarded to Petitioner. On November 1, 2013, the former Special Master on this case issued a decision finding the parties' stipulation to be reasonable and granting Petitioner the award outlined by the stipulation.

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) permit each party 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. Id.

On July 23, 2014, counsel for both parties filed another joint stipulation, this time regarding attorneys' fees and costs.[2] The parties have stipulated that Petitioner's counsel should receive a lump sum of $25,000.00 in the form of a check jointly payable to Petitioner and Petitioner's counsel. This amount represents a sum to which Respondent does not object. In addition, in accordance with General Order #9, Petitioner filed a statement on July 23, 2014 indicating that he had incurred no reimbursable costs in pursuit of his claim.

I approve the requested amount for attorneys' fees and costs as reasonable. Accordingly, an award should be made in the form of a check jointly payable to Petitioner and Petitioner's counsel, Janet D. Callahan, Esq., in the amount of $25,000.00. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[2] As the fees stipulation notes, Petitioner filed his fee application approximately three weeks outside of the 180-day period provided for by the Vaccine Rules. See Vaccine Rule 13 ("[a]ny request for attorneys' fees and costs . . . shall be filed no later than 180 days after the entry of judgment or the filing of an order concluding proceedings . . . ") However, the parties brought this to my attention on July 22, 2014, and I orally indicated that I would not deem the filing untimely under the circumstances.

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing (jointly or separately) notices renouncing their right to seek review.